IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,

    Plaintiff,

vs.                                 Case No. 17-2571-JTM

KATHRYN H. VRATIL, *et al.*,

    Defendants.

MEMORANDUM AND ORDER

Plaintiff Marjorie Creamer is "an experienced pro se litigant in this court, having filed approximately 20 cases." *Creamer v. Topeka Police Dep't*, No. 16-4047-SAC (D. Kan. June 24, 2016) (Dkt. 7, at 1). She brings the present action against Judge Kathryn Vratil of the United States District Court and Judge Glenn Braun of the Ellis County, Kansas District Court. The matter is before the court on Creamer's motion for leave to proceed *in forma pauperis*.

The court determines that plaintiff should be permitted to proceed *in forma pauperis*. However, the court must screen plaintiff's complaint. 28 U.S.C. § 1915(e)(2)(B) authorizes the court to dismiss *sua sponte* an *in forma pauperis* action as (1) frivolous or malicious; (2) failing to state a claim upon which relief may be granted; or (3) seeking monetary relief

from an immune defendant. *Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997); 28 U.S.C. § 1915(e)(2)(B).

Plaintiff commenced this action on September 29, 2107, four days after Judge Vratil certified under Fed.R.Civ.Pr. 59(b) that her claims against Judge Braun, among others, had been resolved and final judgment should be entered to indicate that all claims against him had been resolved. *Creamer v. Gildemeister*, No. 15-4876-KHV (D. Kan. Sept. 25, 2017). Judge Vratil had earlier granted Judge Braun's motion to dismiss, observing that

> the defendant is entitled to judicial immunity. Judicial immunity protects a judge from liability for official adjudicative acts. *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002), *cert. denied*, 538 U.S. 983 (2003). Immunity applies unless the judge acts "in clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). The Court determines whether a judge has performed a "judicial" act or acted "in the clear absence of jurisdiction" by looking to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir.), *cert. denied*, 513 U.S. 832 (1994) (quoting *Sparkman*, 435 U.S. at 362). Because defendant's decision concerning plaintiff's care and treatment as a mentally ill person was a normal judicial action, and plaintiff's sole interaction with defendant was in his judicial capacity, his actions are cloaked with absolute judicial immunity.

(*Id.*, Dkt. 35, at 4). Judge Vratil repeated this conclusion in her 2017 Rule 54(b) order, finding that judicial immunity precluded Creamer's claims against him.

Judge Vratil had previously allowed Creamer's claims against defendant Gildemeister to proceed, denying defendant's motion to dismiss on the grounds that Creamer was incompetent. Judge Vratil agreed Creamer was incompetent under Kansas law, but directed the Magistrate Judge to appoint counsel to represent the plaintiff. (Dkt.

2

79). In the interim, Magistrate Judge James denied (Dkt. 74) plaintiff's motions to recuse (Dkt. 61) and for dismissal of biased judges. (Dkt. 64). Counsel was appointed to represent plaintiff on April 10, 2017. (Dkt. 91). The *Gildemeister* action, including the issue of plaintiff's competency, remains before the court.

The court has reviewed plaintiff's filings in this action with the deference due her *pro se* status. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although pleadings in *pro se* cases are to be liberally construed, "[t]he broad reading of the Plaintiff's complaint does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Here, Creamer's Complaint directly references Case No. 15-4871 and makes the conclusory allegation of a "conspiracy of Kansas Judges," which injured her because the scheduled "trial was stopped by Judge Vratil." (Dkt. 1, at 2, 4). Accordingly, the matter must be dismissed from the same reason Judge Braun was dismissed in *Gildermeister*: plaintiff's complaints relate directly to Judge Vratil's actions in her official judicial capacity, and as a result she enjoys absolute judicial immunity. And while plaintiff also names Judge Braun as a defendant, she fails to present any reason why the result should be any different here. Accordingly, the present action against both defendants is dismissed.

IT IS SO ORDERED this 3rd day of November, 2017, that plaintiff's Motion to Proceed (Dkt. 3) is granted; the present action is hereby dismissed.

                                                              s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE